**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on November 03, 2006, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



_____
**Arthur I. Harris
United States Bankruptcy Judge**

**Dated: November 03, 2006**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 Proceedings |
| | ) | |
| KEITH R. STECHOW, | ) | Case No. 06-11120 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| JULIEN E. MARX, *et al.*, | ) | |
| Plaintiffs, | ) | Adversary Proceeding |
| | ) | No. 06-1338 |
| v. | ) | |
| | ) | |
| KEITH R. STECHOW, | ) | |
| Defendant and Third-Party | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY T. ABSTEN, | ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OF OPINION

Before the Court are the cross motions for summary judgment by plaintiffs

Julien E. Marx and Thomar, Inc. (Docket #19) and defendant-debtor Keith R.

Stechow (Docket #31). At issue is the dischargeability of an Alabama default judgment awarded in favor of the plaintiffs and against the defendant-debtor. The plaintiffs argue that the default judgment award is a nondischargeable debt under 11 U.S.C. § 523(a)(2), and they move for summary judgment on the basis of issue preclusion. The defendant-debtor argues that the default judgment does not have preclusive effect and that the plaintiffs have failed to meet their evidentiary burden. For the reasons that follow, the cross motions for summary judgment are denied.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are not in dispute. In early 2001, defendant-debtor Keith Stechow became a member of American Technology Partners, LLC ("ATP"), a Florida limited liability company. The other members were Lisa Absten and Gregory Absten. The plaintiffs, Julien Marx and Thomar, Inc., were investors in ATP. ATP sold, leased, and serviced lasers and laser parts.

ATP was unsuccessful and was administratively dissolved in October 2002.

By that time, the plaintiffs had acquired Gregory Absten's interest in ATP. In early 2004, the plaintiffs filed a complaint against Stechow in the Circuit Court of Mobile County Alabama for "(1) promissory fraud, (2) fraudulent suppression, (3) mismanagement, and (4) derivative action." Stechow filed an answer, *pro se*, and was ordered to appear for his deposition. Stechow retained counsel and appeared at his deposition. Stechow invoked his Fifth Amendment rights and refused to answer certain questions. Stechow's counsel subsequently withdrew, and the state court ordered Stechow to obtain new counsel or advise the court of his intention to proceed on his own behalf. The court's order warned that failure to advise the court of his intentions might result in a default judgment.

On March 25, 2005, the state court entered a default judgment against Stechow in the amount of $442,794.42, plus interest and costs. The judgment states that the amount was attested by an affidavit submitted by plaintiff Marx.

Stechow filed his Chapter 7 petition on April 6, 2006, and received a discharge on September 8, 2006. The plaintiffs commenced this adversary proceeding on April 20, 2006, seeking to except from discharge the Alabama judgment as a debt for fraud under 11 U.S.C. § 523(a)(2). The plaintiffs filed their motion for summary judgment on July 25, 2006. Stechow filed a brief in opposition as well as his cross motion for summary judgment on August 25, 2006,

3

and the plaintiffs filed a reply on September 5, 2006. On September 14, 2006, the case was transferred by Chief Judge Baxter to the undersigned judge. The Court is now ready to rule on the motions for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); s*ee, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other." *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.; accord In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 735 (6th Cir. 2001) (citing several cases reaching same conclusion).

DISCHARGEABILITY UNDER 11 § U.S.C. 523(a)(2)(A)

Section 523 of the Bankruptcy Code[1] provides in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge an individual from any debt—
    . . . .
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
        (A) false pretenses, a false representation, or actual fraud . . . .

---

[1] This bankruptcy case was filed prior to October 17, 2005, the effective date of any relevant provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the Bankruptcy Code as it existed prior to the effective date of BAPCPA.

5

In order to except a debt from discharge under subsection 523(a)(2)(A),

> a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

## ISSUE PRECLUSION

The plaintiffs argue that the Alabama default judgment precludes relitigation of Stechow's alleged fraud. Since Stechow had an opportunity to defend himself against these counts but failed to do so, the plaintiffs argue that Stechow should not be permitted to relitigate these issues in bankruptcy court. Instead, they argue, the Alabama default judgment establishes Stechow's fraud, and this debt for fraud is nondischargageable under 11 U.S.C. § 523(a)(2).

Issue preclusion, sometimes referred to as collateral estoppel, prevents the same parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. *See In re Fordu*, 201 F.3d 693, 704 (6th Cir. 1999). It is well established that issue preclusion principles apply to bankruptcy proceedings and can be used in nondischargeability actions to prevent relitigation of issues that were already decided in a state court. *See, e.g.*, *Grogan v.*

*Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress intended the bankruptcy court to determine the final result – dischargeability or not – does not require the bankruptcy court to redetermine all the underlying facts.' ").

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 374 (1985). A bankruptcy court must give the same issue preclusive effect to a state court judgment as the judgment would be given under that state's law. *See* 470 U.S. at 374. Accordingly, in this case the Court will apply Alabama's law on issue preclusion to the Alabama court's judgment against Stechow. *See*, *e.g.*, *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315 (6th Cir. 1997) (applying California law to a California court's default judgment).

Under Alabama law, the doctrine of issue preclusion requires:

> (1) that an issue in a prior action was identical to the issue litigated in the present action; (2) that the issue was actually litigated in the prior action; (3) that resolution of the issue was necessary to the prior judgment; and (4) that the same parties are involved in the two actions.

*Unum Life Ins. Co. of Am. v. Wright,* 897 So.2d 1059, 1083 (Ala. 2004) (quoting

*Smith v. Union Bank & Trust Co.*, 653 So.2d 933, 934 (Ala. 1995)); *see also Dairyland Ins. Co. v. Jackson*, 566 So.2d 723, 726 (Ala. 1990). In this case, the critical question is whether an issue was "actually litigated" in a prior suit when the court entered default judgment against the defendant as a sanction for noncompliance with a court order. Alabama case law on the preclusive effect of default judgments is sparse, but it suggests that default judgments are not entitled to preclusive effect. *See Barnett v. Pinkston*, 191 So. 371, 374 (Ala. 1939); *Crowder v. Red Mountain Min. Co.*, 29 So. 847, 849 (Ala. 1900) ("While a judgment by default is a judgment on the merits of the cause of action contained in the complaint, yet there is no contest, nor is there any issue litigated.); *see also AAA Equip. Rental v. Bailey*, 384 So. 2d 107, 112 (Ala. 1980) (stipulated judgment not entitled to issue preclusive effect and drawing distinction between issue "actually litigated" and judgment "based upon default, stipulation, or consent" ); *In re Corrner*, 191 B.R. 199, 206 n. 3 ("In Alabama, it is doubtful that a default judgment has any collateral estoppel effect.").

    Recent decisions by the Alabama Supreme Court have either favorably cited or expressly adopted the Restatement's rules on issue and claim preclusion. *See, e.g.*, *Davis v. Hanson Aggregates Southeast, Inc.*, __ So. 2d __ 2006 WL 1577915 (Ala. June 9, 2006) (citing *Restatement (Second) of Judgments* § 27 (1982)); *Ernst*

8

*& Young, LLP v. Tucker*, __ So.2d __, 2006 WL 895234 (Ala. April 7, 2006) (citing *Restatement (Second) of Judgments* § 26 cmt c (1982)); *Ex parte Flexible Products Co.*, 915 So.2d 34, 47 (Ala. 2005) (citing *Restatement (Second) of Judgments* §§ 24-25, 27-29 (1982)); *Lee L. Saad Const. Co., Inc. v. DPF Architects, P.C.*, 851 So.2d 507, 517-22 (Ala. 2002) (citing *Restatement (Second) of Judgments* §§ 26, 51, 84 (1982)); *Leon C. Baker, P.C. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 821 So.2d 158, 165 (Ala. 2001) (citing *Restatement (Second) of Judgments* § 57(1982)). Therefore, the Court concludes that the Alabama Supreme Court would adopt the Restatement's view that a default judgment generally does not have issue preclusive effect. Section 27 of the Restatement (Second) of Judgments states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Comment e of section 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Cf. Fleet Consumer Disc. Co. v. Graves (In re Graves)*, 33 F.3d 242 (3d Cir. 1994) (concluding that Pennsylvania courts would follow comment e of Restatement § 27 and not give issue preclusive effect to a default judgment); *Spilman v. Harley*,

9

656 F.2d 224, 228 (6th Cir. 1981) ("If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court." (applying federal common law pre-*Marrese*)).

In state court, Stechow filed an answer and, for a time, defended the state court suit. Eventually, Stechow's counsel withdrew, and the state court needed to know how Stechow intended to proceed with his defense. Accordingly, the court ordered Stechow to retain new counsel or advise the court that he would proceed *pro se*. Stechow did not advise the court of his intentions, and as a sanction the court entered default judgment against him.

As it is with most default judgments, Stechow's *act of default* was the basis of the default judgment, not the determination any of the issues supporting the plaintiffs' claims. The state court's judgment entry contains no findings of fact, and the court specifically cited Stechow's noncompliance as the grounds for its judgment. The state court's judgment referenced an affidavit by one of the plaintiffs only to fix the amount of damages. While such a judgment may have *claim* preclusive effect, it cannot have *issue* preclusive effect. This illustrates the wisdom of the Restatement rule. Issues may be pleaded in a default judgment, but they are never actually litigated so long as the court can base its judgment upon the

10

defendant's default.  In a collateral proceeding such as a dischargeability action, the plaintiffs cannot use the judgment to prevent litigation of issues that were never "actually litigated" in the prior suit.  Here, none of the issues raised by the state court complaint was actually litigated, so the default judgment does not preclude litigation of the issues raised by the plaintiffs' dischargeability complaint.

The plaintiffs have sought summary judgment on the basis of issue preclusion alone.  Accordingly, the plaintiffs' motion for summary judgment is denied.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On the basis of the plaintiffs' failure to produce evidence in support of the allegations set forth in their complaint, Stechow has moved for summary judgment. Stechow is partially correct that the plaintiffs cannot rest on their pleadings but must identify specific facts to create a genuine issue of material fact.  *See Anderson*, 466 U.S. at 252.  But, at the summary judgment stage, the plaintiffs are required to present their own evidence only once the moving party demonstrates that it is entitled to a judgment as a matter of law.  Stechow has made no such showing, or even any argument to that effect.  Stechow did submit an affidavit in support of his motion, but this affidavit, while instructive, only creates genuine issues of material fact when set against the affidavit referenced in the plaintiffs'

11

motion and the deposition filed in response to Stechow's motion for summary judgment. Therefore, Stechow's motion for summary judgment is also denied.

CONCLUSION

For the foregoing reasons, the plaintiffs' motion for summary judgment (Docket #19) and the defendant-debtor's motion for summary judgment (Docket #31) are denied. The Court will issue a separate scheduling order.

IT IS SO ORDERED.